Mr. Justice Smith
delivered the opinion of the-court.
This was an action of assumpsit brought on a promissory note made by the appellee, who was defendant below, payable to the order of the appellant. The declaration contains an averment that the note was forcibly and fraudulently taken from the possession of the payee by the maker, and that, upon demand, he had refused to redeliver it.
The plaintiff filed a bill in the circuit court to compel the defendant to discover in regard to the fact of the alleged forcible and fraudulent taking possession of the said note. The bill contained a prayer, also, that the defendant might be required to file with his answer the note in question, in order that the same might be used in the prosecution of the suit.
The defendant answered the bill, and appended to his answer the note, as an exhibit thereto.
The cause coming on for trial, the plaintiff’s counsel offered to *326 read the note thus produced as evidence in the case. To this an objection was made by defendant’s counsel, who insisted that the note should not be read unless the whole answer was, in eonjunction.with the note, allowed to go to the jury. Upon this objection, plaintiff’s counsel consented that such parts of the answer which, in the opinion of the court, were responsive to the bill, might be offered in connection with the note, with a reservation of the right to except to the correctness of the decision of the court in determining as to the responsive character of those portions of the answer which might be allowed to be read. Whereupon the court decided that certain parts of the answer, which it deemed responsive to the calls in the bill, should be read as evidence in connection with the note. This decision of the court raises the only question which requires examination.
Where a bill is filed for discovery only, and the answer is offered to be read as evidence, the whole must be submitted; and if only a part is offered as evidence, the other party may insist on the whole answer being read. I Sm. Ch. Pr. 504; 1 Phil. Ev., Hill &. Cow. 359. This is the general rule which applies to the introduction of the answer of defendant, as evidence, by the plaintiff; in such cases, the answer of defendant being regarded in the light of a confession. But, by the rule thus generally stated, it is not to be understood that, the whole answer, regardless of the character of its statements, is to be taken as evidence for the defendant, or that the complainant cannot avail himself of admissions in one part without being bound by statements and allegations in other parts of the same answer. Matter set up in the answer, to be admissible as e;vidence for the defendant, must be in strict response to the call of the bill, or necessarily connected with or explanatory of such responsive matter. 1 Greenl. Ev. § 351; 1 Smith’s Ch. Pr. 505 (note); Davis v. Spurling, 1 Russ. & Mylne, 64; Bartlett v. Gale, 4 Paige, 503.
In the case of Green v. Hart, 1 Johns. R. 580, this rule is clearly illustrated. There the complainant alleged in his bill that a note made by the defendant had been assigned to him for *327 a full and valuable consideration, but said nothing as to usury. The defendant, in answering, charged that the consideration of the assignment was usurious. This charge of usury in the answer was held not to be responsive to the bill, and, of consequence, that the answer was not evidence of the fact of usury.
Let us apply this principle to the ruling of the court in the case at bar.
The bill of the plaintiff below in substance alleges, that he presented the note in question to the defendant for payment, who thereupon directed the plaintiff to credit it with the sum of $250, as that was all he could then pay; that the credit was accordingly indorsed on the note, under the impression that that amount would be immediately paid by defendant; and that, when this was done, the defendant took the note into his possession, and refused to deliver the note or to pay the. money. Nothing was said in the bill as to the consideration for which the note had been given, nor in regard to any contemporaneous agreement or understanding about the execution of the note, or as to the mode in which plaintiff obtained possession of the same.
The answer alleges that, at the time defendant made the note, it was agreed that he should procure another signature to the same as surety; and that it was not intended, at the time when the note was signed by defendant, that the plaintiff should then have possession of the same, but that defendant designed suspending the perfect execution and delivery of the note until he could ascertain whether the consideration was good.
These passages of the answer were held to be admissible, as being responsive to the call of the bill, and to them the exception applies; and, by compáring them with the statements of the bill, it is manifest that they are not responsive. There was no statement in the bill as to an agreement or understanding that plaintiff was not to have possession of the note until completed by an additional signature, or as to the intention of the defendant to suspend the execution of the note until he should ascertain that the consideration was a good one. The charges of the answer, as to the alleged understanding, and as to the inten *328 tions of the defendant, set up distinct facts, by way of avoidance. When the defendant went into a statement of these facts, he departed from the questions put to him by the bill. The matter thus set up was not evidence for him.
The only part of the answer which should have been read, was the passage in which the defendant admitted that he had deprived the plaintiff of the possession of the note, substantially in the mode and manner as stated by him.
' The judgment must be reversed, and a new trial awarded.